IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORDUA RESTAURANTS L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-0449-D |
| VS. | § | |
| | § | |
| UPTOWN DINING, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Cordua Restaurants L.P. ("Cordua") filed this lawsuit on March 4, 2005 alleging federal trademark infringement and related claims. After defendants failed to file a responsive pleading, and the court issued an order under Fed. R. Civ. P. 4(m), Cordua moved for and obtained the clerk's entry of default on July 26, 2005. Cordua filed as part of its July 25, 2005 motion for entry of default a motion for entry of default judgment. Defendants have filed July 29, 2005 motions to set aside entry of default and/or to vacate judgment and for leave to file original answer. The court grants defendants' motions to set aside entry of default and for leave to file original answer and denies Cordua's motion for entry of default judgment.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Defendants' motions to set aside entry of default and for leave to file original answer present the same issues, so the court will consider them together.

A

Rule 55(c) provides that, "[f]or good cause shown the court may set aside an entry of default[.]"

> The requirement of good cause has generally been interpreted liberally. Three factors are examined for determining good cause *vel non*: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default.

*Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citations, internal quotation marks, brackets, and ellipsis omitted). The term "'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

> [W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment. The willful failure to answer, the lack of any meritorious defense, and the existence of resulting prejudice to

> the plaintiff, depending on the circumstances, typically can provide adequate cause for the court to deny a motion to set aside a default.

*Id.* at 184 (footnote omitted).  "These factors are not 'talismanic,' and we will consider others.  The ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default.  The district court need not consider all of these factors." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (citations omitted).

                                B

Defendants have failed to establish that they did not act willfully because they have not presented any evidence in support of their motions and are left to rely on the unverified assertions of their brief.  Although "[w]illful failure alone may constitute sufficient cause for the court to deny [a] motion [to set aside a default,]" *Dierschke*, 975 F.2d at 184-85, the factors in the standard formulation are non-exclusive and simply assist the court in identifying good cause.  Moreover, the court liberally interprets the good cause requirement.  In the court's discretion, it holds that defendants have satisfied the other factors and that this warrants granting relief under Rule 55(c).[2]

First, setting aside the default will not unfairly prejudice

---

[2]Although the court need not decide whether defendants correctly contend that they made an appearance in this case via dealings in 2003 and that Rule 55(b)(2) applies, the validity of this position seems doubtful.

Cordua.  The mere fact that setting aside the default will delay Cordua's recovery or require that it litigate its claims is insufficient.  *See United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).  And as this court has held in another context, "a [plaintiff] will suffer some form of prejudice anytime it obtains [a default] and the opposing party is successful in having it set aside.  The court must therefore assess whether the prejudice is *unfair*."  *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.) (addressing motion to set aside summary judgment obtained after nonmovant failed to respond).  Cordua obtained the default on July 26, 2005.  Defendants filed their motions for relief on July 29, 2005, three days later.  They also seek leave to answer, so the issues of service and personal jurisdiction over them are resolved.  Additionally, the court concludes below that Cordua should be reimbursed its reasonable costs in moving for a default and default judgment.  There is no unfair prejudice to Cordua from setting aside the default in such circumstances.[3]

Second, defendants have a meritorious defense based at least on the assertion that the font and trade dress at issue are different from Cordua's registered mark.

---

[3]Cordua cites as examples of prejudice delay, lost evidence, increased problems with discovery, and a greater potential for fraud through defendants' continued infringement.  Either none of these grounds is present in this case or none is present to the extent necessary to warrant denying defendants' motions.

Third, defendants acted expeditiously to correct the default. The clerk entered it on July 26, 2005, and defendants moved to vacate it three days later.

C

Cordua requests in the alternative that the court require defendants to reimburse it for its costs.  Defendants have not filed a reply brief to Cordua's response and thus have not shown why Cordua should not be reimbursed for its reasonable costs.  This court is authorized to condition the granting of defendants' motions on the requirement that they reimburse Cordua.  *See Wokan v. Alladin Int'l, Inc.*, 485 F.2d 1232, 1234 (3d Cir. 1973) (addressing Rule 60(b)) ("Rule 60(b) gives the district court explicit authority to impose terms upon the opening of a default judgment.").  "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) (per curiam). Therefore, "it is appropriate to condition setting aside a default upon the payment of a sanction." *Id.* at 1546-47.  "The condition most commonly imposed is the payment of costs or attorneys fees." *Wokan*, 485 F.2d at 1234.

Accordingly, the court directs defendants to reimburse these costs within 20 days of the date their counsel receives from

Cordua's counsel a request for reimbursement, supported by a reasonably detailed statement of such costs (describing the attorney's fees and out-of-pocket expenses incurred). If the parties cannot agree to the reasonableness of Cordua's request, Cordua may promptly move for relief from this court.

## II

Because the court has granted defendants' motions to set aside entry of default and for leave to file original answer, the court denies Cordua's motion for entry of default judgment.

\*    \*    \*

The court grants defendants' July 29, 2005 motions to set aside entry of default and for leave to file original answer and denies Cordua's motion for entry of default judgment, and it denies Cordua's July 25, 2005 motion for entry of default judgment. The default entered by the clerk of court on July 26, 2005 is vacated. The clerk of court is directed to file defendants' answer today.

**SO ORDERED.**

September 9, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE